UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CDO PLUS MASTER FUND LTD.,                         :
                                                   :    07 Civ. 11078 (LTS)(AJP)
                           Plaintiff,              :
                                                   :    **PRELIMINARY PRE-TRIAL**
            - against -                            :    **STATEMENT**
                                                   :
WACHOVIA BANK,                                     :    ECF CASE
NATIONAL ASSOCIATION,                              :
                                                   :
                           Defendant.              :
-------------------------------------------------------------X

Pursuant to the Court's Preliminary Pre-Trial Order dated December 13, 2007 Plaintiff, VCG Special Opportunities Master Fund Ltd., formerly known as CDO Plus Master Fund, Ltd. ("Plaintiff"), and Defendant Wachovia Bank, N.A. ("Wachovia") submit this Preliminary Pre-Trial Statement. The counsel identified below conferred as required by Fed. R. Civ. P. 26(f) on February 21, 2008 and subsequently prepared the following report.

The pre-trial conference in this matter is scheduled for March 7, 2008.

**4(a)    Statement as to the Nature of this Action:**

This is a civil case arising from a Credit Derivative Transaction between the parties. Plaintiff alleges claims of fraud, mistake, breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, specific performance and conversion.

Defendant alleges a counterclaim for breach of contract.

**4(b)    Basis of this Court's Jurisdiction.**

The parties agree that this Court has original subject matter jurisdiction with respect to this action pursuant to 28 U.S.C. §1332(2). Plaintiff is a citizen of a foreign state, organized and existing under the laws of Jersey, the Channel Islands. Wachovia, N.A., is a national banking association organized under the laws of the United States. It is undisputed that

Plaintiff's claims in controversy in this action and the counterclaim by Wachovia each exceed Seventy-Five Thousand Dollars ($75,000.00) exclusive of interests and costs.

**4(c)** **Material Uncontested Facts:**

The parties agree that they entered into a Credit Derivative Transaction on Collateralized Debt Obligation with Pay-As-You-Go or Physical Settlement (the "Agreement" or "Trade"). The Initial Face Amount of the Trade was $10,000,000, and the Notional Amount of the Trade was defined in section 1 of the Trade Confirmation. The Reference Entity is defined in the Trade Confirmation as Forge ABS High Grade CDO LTD 2007-1A, and the Reference Obligation is Class B Fifth Priority Senior Secured Floating Rate Notes Due 2053. The trade date of the Transaction was May 21, 2007.

The contract documents governing the counterparties' rights and obligations on the Trade are: (1) an ISDA Master Agreement, dated May 4, 2007; (2) the Schedule to the Master Agreement dated as of May 4, 2007; (3) an ISDA Credit Support Annex dated as of May 4, 2007, which incorporates by reference the ISDA 1994 Credit Support Annex; and (4) a Confirmation dated May 30, 2007. The Master Agreement states, at paragraph 1 (b), that "[i]n the event of any inconsistency between the provisions of any Confirmation and this Master Agreement (including the Schedule), such Confirmation will prevail for the purpose of the relevant Transaction."

Upon execution of the trade, Plaintiff deposited with Wachovia the Independent Amount, which was $750,000.

It is also undisputed that on several subsequent occasions during the year 2007, Wachovia demanded Transfers of Eligible Credit Support as collateral security for Plaintiff's Obligations in accordance with the ISDA Credit Support Annex, and that, as of the date of the

most recent pleading; Plaintiff had transferred $8.92 million of Eligible Credit Support to Wachovia. Between May 30, 2007 and November 28, 2007, Wachovia did not give notice of any Floating Amount Events or Credit Events.

On November 21, 2007, Wachovia demanded what it deems to have been "Transfers of Eligible Credit Support" and plaintiff deems to have been "additional collateral." Plaintiff invoked the Dispute Resolution provisions of the ISDA Credit Support Annex on that same date. Wachovia executed the Dispute Resolution provision of the ISDA Credit Support Annex and provided market quotations to Plaintiff as support for its valuation. Plaintiff declined to post any further collateral and demanded the return of sums already deposited. Wachovia declared an event of default under the Agreement; exercised an early termination of the Agreement, liquidated Plaintiff's collateral, and applied the collateral deposited with Wachovia, plus interest accrued, against the Settlement Amount, which was $9,999,000.00. Plaintiff disputes that it is obligated to pay such sums.

### 4(d), (e)   Statement of Contested and Uncontested Legal Issues:

The parties agree that, apart from Plaintiff's claim for fraud, mistake and breach of the implied covenant of good faith and fair dealing, resolution of the instant action will principally turn upon the Court's interpretation of whether, in addition to its obligation to deposit the Independent Amount, Plaintiff was also required to make Transfers of Eligible Credit Support pursuant to paragraph 3 of the ISDA Credit Support Annex and whether that provision of the Agreement is inconsistent with the parties' payment obligations set forth in the Confirmation Letter.

### 4(f)   Material Disputed Facts

#### Plaintiff's Statement of Material Disputed Facts:

Plaintiff asserts that the Confirmation Letter, which does not contain any obligation to post credit support after the Independent Amount, is inconsistent with any provisions requiring the deposit of collateral in the ISDA Master Agreement or the Credit Support Annex. Plaintiff also avers that the traders at Wachovia duped the Plaintiff into entering into the swap, with the preconceived intention of accelerating demands for collateral when neither the swap documents nor the economic circumstances of the transaction required it. Plaintiff asserts that Wachovia exercised bad faith and/or was commercially unreasonable in its valuation of the reference obligation, such that it overstated the obligation (if any) to pay collateral after the Independent Amount. Plaintiff asserts that no event of default took place; consequently, Wachovia improperly foreclosed upon the collateral that Plaintiff had deposited.

**Defendant's Statement of Material Disputed Facts:**

Wachovia asserts that there is no inconsistency between the Parties' payment obligations set forth in the Confirmation Letter and the Parties' obligations to Transfer Eligible Credit Support set forth in the ISDA Credit Support Annex, two different obligations which serve different purposes within the Agreement. Wachovia further asserts that at all times it acted in a commercially reasonable manner in accordance with the terms of the Agreement.

4(g)   **Legal Basis of Each Cause of Action:**

All claims arise at equity and/or the common law of New York, as interpreted by the state and federal courts. None of the claims arise under a federal statute.

4(h)   **Legal Bases for Each Defense Asserted or Expected to be Asserted**

**Plaintiff's Expected Defenses to Defendant's Counterclaim:**

Plaintiff's answer to the Counterclaim is not due until March 6, 2008. However, Plaintiff expects to raise, *inter alia*, the defense that Plaintiff's objection to Defendant's demands

for collateral and the commencement of this action did not give rise to an event of default under the swap documents in the first place. Therefore, Defendant was never entitled to close out the trade and seize Plaintiff's collateral. Plaintiff's averments on its case in chief also defeat the Counterclaim: Plaintiff was never entitled to require the deposit of collateral after the Independent Amount in the first place; Wachovia committed fraud at the inception of the trade; and the swap agreement is vitiated by a mistake regarding the subject matter of the transaction.

### Wachovia's Defenses:

Wachovia acted in a commercially reasonable manner at all times and there are no inconsistencies between the parties' payment obligations and their obligations to Transfer Eligible Credit Support. Plaintiff, a hedge fund, is controlled and managed by a group of sophisticated investors who understood Plaintiff's obligations under the Agreement, and, in fact, entered into similar trades with other counterparties. In particular, Wachovia will show that Plaintiff met its obligations to Transfer Eligible Credit Support until late November 2007, and did not raise its argument -- that the terms of the Agreement are somehow inconsistent -- until after Plaintiff filed this lawsuit.

### 4(i)    Measure and Burden of Proof:

Plaintiff bears the burden of proof as to all its claims and defenses and, as to most of them, the measure of proof is a fair preponderance of the evidence. However, as to Plaintiff's claim for rescission, alternatively based upon fraud or mistake, the burden of proof under New York law is clear and convincing evidence.

Defendant's counterclaim for breach of contract must be shown by a preponderance of the evidence. Defendants' counterclaim seeks $1,030,861.12, plus interests and other relief as the court may deem proper.

**4(j.)  Amendments to Pleadings/Joinder of Parties:**

The parties do not anticipate any amendments or joinder of additional parties at this time, however, both parties reserve the right to seek amendment and/or joinder pursuant to Rule 15.

**4(k.)  Transfer of case to Magistrate Judge:**

The parties do not consent to the referral of this action to a Magistrate Judge for all purposes.

**4(l)  Initial Disclosures Under Fed. R. Civ. P. 26(a):**

The parties agree to exchange initial discovery as provided in Rule 26(a)(1) on or before March 21, 2008.

**4(m)  Subjects on Which Disclosure May be Needed/Discovery Cut-Off:**

Plaintiff:  Plaintiff's subjects of discovery will include: the allegations and claims set forth in the amended complaint; the negotiations surrounding the initiation of the swap, including but not limited to the determination of the Independent Amount; communications with third parties by Defendant; the statements, allegations, and admissions made in Defendant's answer and counterclaim; Defendant's procedures and information in connection with the valuation of the reference obligation and the collection of margin.

Defendant:  Defendant anticipates discovery regarding the allegations set forth in Plaintiff's amended complaint, Defendant's Answer and Counterclaim, and Plaintiff's Answer to Defendant's Counterclaim.  Subjects of Defendant's affirmative discovery will include CDO Plus's, its principal's, and its manager's experience in the market, including, but not limited to, any transactions that reflect Plaintiff's sophistication and/or understanding of the Agreement.

The parties propose that non-expert discovery be completed by September 30, 2008.

**4(n)     Expert Evidence:**

Plaintiff anticipates engaging an expert witness to provide evidence regarding, among other things, the ISDA Master Agreement, the CDO/CDS market and industry practices regarding the valuation of reference obligations and collection of credit support.

Defendant anticipates engaging one or more expert witnesses.

The parties shall serve initial expert reports no later than October 30, 2008, with rebuttal reports due on November 21, 2008. Expert discovery, including depositions will close on December 30, 2008.

**4(o)     Changes to Discovery Rules under Fed. R. Civ. P./
           Southern District Local Rules:**

The parties do not foresee the need for any changes. The parties, however, reserve the right to request amendments to the discovery schedule, including an increase in the number of depositions to be taken should the need arise.

**4(p)     The Status of Settlement Discussions:**

The parties have conducted several conference calls with a view toward compromise of this action, but differ fundamentally over the obligations set forth in the swap documents. Plaintiff views settlement as unlikely at this stage of the litigation.

Defendant believes that mediation might facilitate resolution of the case.

**4(q)     Jury Trial:**

The parties are agreed that this matter will be tried to the Court. The parties waived trial by jury in the ISDA Master Agreement.

**4(r)     Other Orders under Fed. R. Civ. P. 26(c), 16(b) or 16(c).**

The parties will submit a proposed Confidentiality Agreement and Protective Order for the Court's approval on or before March 28, 2008.

The parties further stipulate hereby that any inadvertent disclosure of privileged documents, whether protected under the Attorney-Client Privilege or the Attorney Work Product Doctrine, shall not constitute a waiver of that privilege or of the subject matter of those documents. If either party discovers a document that appears to be subject to Attorney-Client Privilege or the Attorney Work Product rule, it will immediately notify the other party of the Bates number or, if no Bates number appears, sufficient information to identify the document. Both parties agree to return any privileged material inadvertently disclosed immediately upon notice of such disclosure by the opposing party. The original documents will be returned and no copies will be made of inadvertently disclosed materials.

The parties propose that dispositive motions should be filed by January 15, 2009.

Dated: New York, New York
      February 29, 2008

| | |
|---|---|
| MINTZ & GOLD LLP | HUNTON & WILLIAMS LLP |
| By: _____<br>Terence W. McCormick<br>470 Park Avenue South<br>10th Floor North<br>New York, NY 10016-6819<br>mccormick@mintzandgold.com<br>(212) 696-4848<br><br>*Attorneys for Plaintiff*<br>*VCG Special Opportunities Master Fund Ltd.*<br>*(f/k/a CDO Plus Master Fund Ltd.)* | By: _____<br>Shawn Patrick Regan<br>Patrick L. Robson<br>200 Park Avenue, 52nd Floor<br>New York, New York 10166<br>sregan@hunton.com<br>probson@hunton.com<br>(212) 309-1000<br><br>*Attorneys for Defendant Wachovia*<br>*Bank, National Association* |