USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 4/15/08

RECEIVED
APR 15 2008
CHAMBERS OF
ANDREW J. PECK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

CDO Plus Master Fund Ltd.,

                      Plaintiff,

-against-

Wachovia Bank, National Association,

                      Defendant.

------------------------------------------------------------- x

07 CV 11078 (LTS)(AJP)
ECF Case

## CONFIDENTIALITY AGREEMENT & PROTECTIVE ORDER

This Confidentiality Agreement and Protective Order (the "**Agreement**") is entered into this 2nd day of April 2008, by and between VCG Special Opportunities Master Fund Ltd. (f/k/a CDO Plus Master Fund Ltd.) and Wachovia Bank, National Association (together with such other persons that may be joined hereafter as parties in the above-captioned action and who shall consent to be bound by the terms of this Agreement, collectively referred to as the "**Parties**"):

### RECITALS

1.      The Parties hereto are participants in the following proceeding before the United States District Court for the Southern District of New York, 07 CV 11078 (LTS)(AJP): *CDO Plus Master Fund Ltd. v. Wachovia Bank, National Association* (hereinafter referred to as the "**Litigation**").

2.      The Parties are engaged in the process of disclosing information between them, some of which is highly confidential.

NOW, THEREFORE, in consideration of the mutual covenants contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. **Definitions:**

    a. The term "Discovery Material" shall mean all documents, testimony, or other information produced, subpoenaed, transcribed, given to, served upon, or filed by any Party to this Litigation in connection with formal or informal discovery, hearing, or trial proceeding (whether in the form of Rule 26 disclosures, depositions, transcripts, interrogatory answers, document productions, responses to requests to admit, or otherwise) or in any pleading, motion, affidavit, declaration, brief, or other document submitted to the Court.

    b. A "Stamped Confidential Document" means any Discovery Material which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings its attention to a reasonable examiner) "CONFIDENTIAL" to signify that it contains information believed to be subject to protection under Federal Rule of Civil Procedure 26(c)(7).

    c. An "Attorneys' Eyes Only Document" means any Discovery Material which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings its attention to a reasonable examiner) "ATTORNEYS' EYES ONLY" to signify that it contains information believed to be subject to protection under Federal Rule of Civil Procedure 26(c)(7).

2. **Non-disclosure of Confidential Documents.** Except with the prior written consent of the Party or other person originally designating Discovery Material to be stamped as

confidential, or as hereinafter provided under this order, no Stamped Confidential Documents or Attorneys' Eyes Only Documents may be disclosed to any person who has not signed and agreed to be bound by this Order. Interrogatory answers, responses to requests for admissions, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a Stamped Confidential Document or Attorneys' Eyes Only Document, but to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection or is suitably redacted. *[handwritten: Redacted copies of briefs, etc.]* *[handwritten: Any filings should be filed under seal]*

3. **Permissible Disclosures** *[handwritten: of]* **Stamped Confidential Documents.** Notwithstanding Section 2 above, Stamped Confidential Documents may be disclosed:

    a. to Parties;

    b. to an attorney for the Parties in this action who is actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegals, and employees of such an attorney to the extent reasonably necessary to render professional services in the litigation; and to court officials involved in this litigation (including judges, *[handwritten: and court staff,]* court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court);

    c. to any persons designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

    d. to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; to outside consultants or experts retained for the purpose of assisting counsel in the litigation; and independent

   copy services; however, that in all such cases the individual to whom disclosure is to be made has signed a form containing:

    i. a recital that the signatory has read, understands and agrees to be bound by this Order;

    ii. a recital that the signatory understands that unauthorized disclosures of the Stamped Confidential Documents or Attorneys' Eyes Only Documents constitute contempt of Court; and

    iii. a statement that the signatory consents to the exercise of personal jurisdiction by this Court and will be bound by this Order.

 e. Before disclosing a Stamped Confidential Document or Attorneys' Eyes Only Document to any person listed in subsections (c) or (d), the Party wishing to make such disclosure shall give at least five days' advance notice in writing to the counsel who designated such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the Discovery Materials to be disclosed, and stating the purposes of such disclosure. If, within the five-day period, a motion is filed objecting to the proposed disclosure, such disclosure is not permissible until the Court determines that the Party wishing to make such disclosure has shown good cause why the proposed disclosure should be permitted.

4. **Permissible Disclosures - Attorneys' Eyes Only Documents.** Notwithstanding Section 2 above, Attorneys' Eyes Only Documents may be disclosed to individuals identified in Section 3(b), (c), and (d) above.

5. **Good Faith Efforts.** In designating information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," each Party will make such designation only as to that information that it in good faith believes contains confidential information. Discovery Material that is available to the public shall not be designated as confidential.

6. **Declassification.** A Party may apply to the Court for a ruling that Discovery Material stamped as Confidential or Attorneys' Eyes Only is not entitled to such status and protection. The Party or other person that designated the Discovery Material as Confidential or Attorneys' Eyes Only shall be given notice of the application and an opportunity to respond. To maintain Confidential or Attorneys' Eyes Only status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the Discovery Material to have such protection.

7. **Inadvertent Disclosure.** Any inadvertent disclosure of privileged documents, whether protected under the Attorney-Client Privilege or the Attorney Work Product Doctrine, shall not constitute a waiver of that privilege or of the subject matter of those documents. If either Party discovers a document that appears to be subject to Attorney-Client Privilege or the Attorney Work Product rule, it will immediately notify the other Party of the Bates number or, if no Bates number appears, sufficient information to identify the document. Both Parties agree to return any privileged material inadvertently disclosed immediately upon notice of such disclosure by the opposing Party. The original documents will be returned and no copies will be made of inadvertently disclosed materials. The Party seeking return of the inadvertently disclosed document shall identify the inadvertently disclosed document on its privilege log, pursuant to Fed. R. Civ. P. 26(b)(5(a) and Local Rule 26.2.

8. **Confidential Information in Depositions.**

(a) A deponent may during the deposition be shown, and examined about, Stamped Confidential Documents or Attorneys' Eyes Only Documents if the deponent already knows the confidential information contained therein or if the provisions of Section 3 and 4 are met. Furthermore, nothing herein shall be construed to limit the ability of an attorney to use as an exhibit, or examine any witness about, any Stamped Confidential Documents or Attorneys' Eyes Only Documents produced by the attorneys' own client. Deponents shall not retain or copy portions of the transcript of the depositions that contain confidential information not provided by them or the entities they represent unless they sign the form prescribed in Section 3(d). A deponent who is not a Party or a representative of a Party shall be furnished a copy of this order before being examined about, or asked to produce, potentially confidential Discovery Material.

(b) Parties and deponents may, within 14 days after receiving a deposition transcript, designate pages of the transcript (and exhibits thereto) as confidential. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "Confidential-Subject to Protection Pursuant to Court Order" or "Attorneys' Eyes Only - Subject to Protection Pursuant to Court Order." Until expiration of the 14-day period, the entire deposition will be treated as Attorneys' Eyes Only pursuant to this Order. If no Party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

9. **Confidential Information at Trial.** ~~Subject to~~ the Federal Rules of Evidence, Stamped Confidential Documents, Attorneys' Eyes Only Documents ~~and other confidential information may be offered in evidence~~ at trial or any court hearing, provided that the proponent

*[handwritten:] The parties will discuss this issue with [illegible] prior to the [illegible] of [illegible] and [illegible] opinion.*

~~of the evidence gives five days' advance notice to counsel for the Party or other person that designated the information as confidential. Any Party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine if the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial.~~

10. **Subpoena by Other Courts or Agencies.** If another Court or an administrative agency subpoenas or orders production of Stamped Confidential Documents or Attorneys' Eyes Only Documents which a Party has obtained under the terms of this Order, such Party shall promptly notify the Party or other person who designated the Discovery Materials as confidential of the pendency of such subpoena or order, and shall not produce any Stamped Confidential Documents or Attorneys' Eyes Only Documents until the Party designating the Discovery Materials has been given at least 10 (ten) days to object to the appropriate Court or agency. The Party to whom the subpoena or request is directed shall not take any position concerning the propriety of such subpoena or request that is adverse to the Party that originally designated the Discovery Materials as confidential.

11. **Filing.** Stamped Confidential Documents or Attorneys' Eyes Only Documents need not be filed with the Clerk except when required in connection with motions under Federal Rule Civil Procedure 12 or 56 or other matters pending before the Court. If filed, they shall be filed under seal and shall remain sealed while in the office of the Clerk so long as they retain their status as Stamped Confidential Documents or Attorneys' Eyes Only Documents.

12. **Client Consultation.** Nothing in this order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on

examination of Stamped Confidential Documents or Attorneys' Eyes Only Documents; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any item so designated except pursuant to the procedures of Sections 3 and 4.

13. **Prohibited Copying.** If Discovery Material contains information so sensitive that it should not be copied by anyone, it shall bear the additional legend "Copying Prohibited." Application for relief from this restriction against copying may be made to the Court, with notice to counsel so designating the Discovery Material.

14. **Use.** Persons obtaining access to Stamped Confidential Documents and Attorneys' Eyes Only Documents under this order shall use the information only for preparation and trial of this litigation (including appeals and retrials), and shall not use such information for any other purposes, including business, governmental, commercial, or administrative, or judicial proceedings.

15. **Non-Termination.** The provisions of this order shall not terminate at the conclusion of these actions. Within 120 days after final conclusion of all aspects of this litigation, Stamped Confidential Documents and Attorneys' Eyes Only Documents, and all copies of same (other than exhibits of record) shall be returned to the Party or person which produced such Discovery Material or, at the option of the producer (if it retains at least one copy of the same), destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the Party who produced the Discovery Material not more than 150 days after final termination of this litigation.



Sealed records which have been filed with the Clerk shall be removed by the party submitting them (1) within ninety (90) days after a final decision is rendered if no appeal is taken, or (2) if an appeal is taken, within thirty (30) days after final disposition of the appeal. Parties failing to comply with this order shall be notified by the Clerk that, should they fail to remove the sealed records within thirty (30) days, the Clerk may dispose of them.

16. **Modification Permitted.** Nothing in this order shall prevent any Party or other person from seeking modification of this order by application to the Court or from objecting to discovery that it believes to be otherwise improper.

17. **Responsibility of Attorneys.** The attorneys of record are responsible for employing reasonable measures to control, consistent with this order, duplication of, access to, and distribution of copies of Stamped Confidential Documents and Attorneys' Eyes Only Documents.

This the 2nd day of April, 2008.

SO ORDERED.

_____ 4/15/08
HON. ANDREW J. PECK
United States Magistrate Judge
Southern District of New York

We consent:

MINTZ & GOLD LLP

By: _Terence W. McCormick_
Terence W. McCormick (TM 2713)

470 Park Avenue South
10th Floor North
New York, NY 10016-6819
mccormick@mintzandgold.com
(212) 696-4848

*Attorneys for Plaintiff*
*VCG Special Opportunities Master Fund Ltd.*
*(f/k/a CDO Plus Master Fund Ltd.)*

HUNTON & WILLIAMS LLP

By: _____
Shawn Patrick Regan
Patrick L. Robson

200 Park Avenue, 52nd Floor
New York, New York 10166
sregan@hunton.com
probson@hunton.com
(212) 309-1000

*Attorneys for Defendant Wachovia Bank,*
*National Association*



BY FAX

# FAX TRANSMITTAL SHEET



## ANDREW J. PECK
### UNITED STATES MAGISTRATE JUDGE
### UNITED STATES DISTRICT COURT
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.:        (212) 805-7933
Telephone No.:  (212) 805-0036

Dated: __April 15, 2008__                         Total Number of Pages: __10__

| TO | FAX NUMBER |
|---|---|
| Terence W. McCormick, Esq. | 212-696-1231 |
| Shawn Patrick Regan, Esq. | 212-309-1100 |
| Patrick L. Robson, Esq. | 704-378-4890 |

# TRANSCRIPTION:

New sentence at end of ¶ 2, p. 3:   Redacted copies of briefs affidavits and other filings shall be publicly filed.

Insert to ¶ 3b, p. 3:   . . . and court staff

NEW ¶ 9:   <u>Confidential Information at Trial</u>. The parties will discuss this issue with the trial judge at the time of the Final Pretrial Conference.

New sentence at end of ¶ 11, p. 7:   Redacted copies will be publicly filed with the Clerk's Office.

Copy to:   Judge Laura Taylor Swain