UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

CDO PLUS MASTER FUND LTD.,

    Plaintiff,

-v-

WACHOVIA BANK, N.A.,

    Defendant.

-------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: NOV 0 6 2009
```

No. 07 Civ. 11078 (LTS)(AJP)

### MEMORANDUM ORDER

Plaintiff CDO Plus Master Fund Ltd. ("CDO" or "Plaintiff"), an Isle of Jersey exempted corporation,[1] has brought the above-captioned action against defendant Wachovia Bank, N.A. ("Wachovia" or "Defendant"), a North Carolina corporation, asserting claims for fraud, mistake, breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, specific performance and conversion. Wachovia has asserted a counterclaim for breach of contract. The Court has subject matter jurisdiction of the instant claims based upon the complete diversity of the parties' citizenship. 28 U.S.C. § 1332.

Wachovia moved for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c), seeking dismissal of CDO's amended complaint and judgment in Wachovia's favor on its counterclaim. The Court reviewed thoroughly the parties' pleadings and submissions and, in a Memorandum Opinion and Order dated July 13, 2009 (the "MJP Order"), granted the motion in part and denied it in part. (Docket entry no. 47.) The Court dismissed CDO's first,

---

[1] CDO has changed its name to "VCG Special Opportunities Master Fund Ltd." (Am. Compl. ¶ 1 n.1.) The Court refers to Plaintiff as "CDO" in this Order for consistency with the parties' pleadings and submissions and its previous Memorandum Opinion and Order in this case.

second, third, fourth, sixth, seventh and eighth causes of action. The Court concluded, however, that CDO's fifth cause of action, construed as a breach of contract claim premised upon Wachovia's alleged breach of the covenant of good faith and fair dealing, survived Wachovia's motion for judgment on the pleadings, and that conclusion also compelled the Court to deny Wachovia's motion for judgment on the pleadings with respect to its counterclaim. Before the Court are both parties' motions for reconsideration of the MJP Order pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

The Court has considered the parties' submissions thoroughly. "A movant for reconsideration bears the heavy burden of demonstrating that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." Virgin Airways v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted). The Court concludes that neither party has met that burden and, accordingly, both parties' motions are denied.

*CDO's Reconsideration Motion*

CDO's motion for reconsideration is limited to the Court's dismissal of the first and third causes of action, both of which are fraud claims that the Court subjected to a single analysis in the MJP Order. The fraud claims are premised upon Wachovia's alleged oral promise to CDO that CDO would not have to deposit additional collateral beyond the $750,000 committed at the outset of the Trade.[2] CDO alleges that it reasonably relied on this fraudulent promise, which Wachovia never intended to honor and breached by repeatedly demanding additional collateral. The Court concluded that the disclaimer provision and the merger clause in the CDO Contract each provided

---

[2]    Capitalized terms used in this Order have the same meaning as set forth in the MJP Order.

an independent ground to dismiss these claims.

The crux of CDO's motion for reconsideration is that the Court misconstrued the nature of the alleged oral promise. However, CDO's argument does not warrant any change in the Court's conclusion that the merger clause and the disclaimer provision each preclude CDO from relying on oral promises that are contrary to the terms of the CDO Contract – terms which explicitly gave Wachovia the right to demand additional collateral. Accordingly, CDO's motion for reconsideration is denied.

*Wachovia's Reconsideration Motion*

Wachovia moves for reconsideration of the Court's denial of its motion for a judgment on the pleadings with respect to CDO's fifth cause of action, which the Court construed as a breach of contract claim premised upon Wachovia's alleged breach of the covenant of good faith and fair dealing. The Court concluded that CDO adequately pleaded that Wachovia acted "arbitrarily and irrationally" in its capacity as Valuation Agent. The Court held that the allegations were sufficient to survive Wachovia's motion under New York law and the liberal pleading standard of Rule 8(a) and Rule 12(c).

Wachovia's Final Demand of collateral was based upon the Valuation Agent's determination of the Exposure. It required CDO to provide an amount of collateral that, in total, exceeded the notional amount of the contract. Wachovia argues that the CDO Contract gave Wachovia the right to demand that much collateral. However, the CDO Contract requires that the Valuation Agent determine the Exposure in good faith. CDO plausibly pleaded that Wachovia acted arbitrarily when it calculated the Exposure, which would constitute a breach of contract irrespective of whether the CDO Contract permitted Wachovia to demand collateral in excess of the notional amount when the Exposure warranted such a demand. Accordingly, Wachovia's

motion for reconsideration of this claim is denied and, perforce, Wachovia's motion for reconsideration of the Court's denial of its motion for a judgment in its favor on its counterclaim is denied as well.

### CONCLUSION

This Memorandum Opinion and Order resolves docket entry nos. 49 and 51. The parties are directed to appear at a Final Pre-Trial Conference on **February 19, 2010, at 10:30 a.m.** The obligations of the Court's Pretrial Scheduling Order are reinstated and the dates therein are modified accordingly.

SO ORDERED.

Dated: New York, New York
November 6, 2009

LAURA TAYLOR SWAIN
United States District Judge